FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 10, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>JANET ARNOLD,<br><br>　　　　　Defendant. | No.　4:18-CR-6044-EFS-1<br><br>**ORDER GRANTING THE UNITED STATES' MOTION TO RECONSIDER NOTICE OF THREAT EVIDENCE AS CONSCIOUSNESS OF GUILT** |

　　　　The United States asks the Court to reconsider whether a text message may be admitted at trial as consciousness-of-guilt evidence.[1] Defendant Janet Arnold opposes the motion, arguing reconsideration is not appropriate and that the United States fails to lay the proper foundation for the text message. After review, the Court tentatively rules the United States may admit the text message at trial.

**A.　Background**

　　　　The United States previously filed a notice seeking to introduce the following "threat" text message at trial as consciousness-of-guilt evidence:[2]

---

[1] ECF No. 497. *See also* ECF No. 401 (Court's June 11, 2020 Order).

[2] ECF No. 497, Ex. 2.



Codefendant Lisa Cooper will purportedly testify that she received this text message from the cellphone of Ted Nobles, who is Defendant Arnold's husband, on May 3, 2017, after the DEA searched Defendant Arnold's medical clinic earlier that day. Codefendant Cooper will purportedly testify that she understood the text message was sent by Defendant Arnold, who sometimes used her husband's phone.

In June 2020, the Court ruled that the text reflected sufficient threatening intent in order to permit the jury to consider the text as consciousness-of-guilt, but that the United States had provided inadequate foundation to establish that the text was sent by Defendant or at Defendant's request.[3] The Court indicated it would reconsider the admissibility of the text, with a limiting instruction, as

---

[3] ECF No. 401 at 8-9.

evidence relating to consciousness-of-guilt if the United States admitted telephone records establishing that the text was sent by Defendant's husband's phone and testimony was offered that Defendant used her husband's phone.

**B.     Reconsideration**

Defendant argues reconsideration of the Court's earlier ruling disallowing the United States' use of the at-issue text message at trial is procedurally inappropriate because the United States should have presented the telephone information that is now before the Court when the United States filed its initial notice/motion. When the Court issued its prior ruling, the Court permitted the United States to seek reconsideration of the denial ruling if/when pertinent telephone records were obtained.[4] Reconsideration is appropriate.

**C.     "Threat" Text Message**

The United States now asks the Court to reconsider its no-foundation ruling. The United States presents the following evidence:[5]

- Defendant Arnold's cellphone and Codefendant Danielle Mata's cellphone were seized on May 3, 2017, when Defendant Arnold's medical clinic was searched pursuant to a warrant.

- The screenshot of the at-issue text from contact T. N. on a cellphone, held in the name of Cecilia Cooper, used by Codefendant Cooper.

---

[4] ECF No. 401 at 9-10.

[5] ECF Nos. 487, 500, & 502.

- AT&T telephone records indicate three voice calls between Ted Noble's cellphone, 509-xxx-9456,[6] and the cellphone used by Codefendant Cooper, 509-xxx-9664, on May 4, 2017 (the day after the search warrant was executed), one of which went to voice mail.
- AT&T telephone records indicate there were 11 text messages between these two cellphones on May 8, 2017, 10 text messages on May 21, 2017, and 34 text messages on June 7, 2017.
- After June 7, 2017, there were no more contacts between these two cellphones through July 31, 2017.
- Text messages obtained from Codefendant Danielle Mata's cellphone indicate that Defendant Arnold used Mr. Noble's cellphone to communicate with Codefendant Mata from about February 2016 to April 2017.

Per the United States, Codefendant Cooper will testify that she received the at-issue text message from Ted Nobles' cell phone on May 3, 2017, after the search warrant was executed. Codefendant Cooper will also testify that she understood the text message was written and sent by Defendant Arnold, and that she took a screenshot of the text message and provided the screenshot to the United States.

Based on the submitted evidence and proffered testimony, the Court tentatively finds the United States has/will lay a sufficient foundation to admit a

---

[6] ECF No. 502, Ex. 3.

redacted version of the screenshot of the text message at trial as evidence of Defendant's consciousness-of-guilt.[7] The provided cell data sufficiently establishes that Defendant Arnold used her husband's cell phone to text others.

However, Defendant accurately highlights that the screenshot of the text-message does not include the date (and possibly the time) the text message was sent to Codefendant Cooper. The United States must present testimony or other evidence that the text message was sent after law enforcement began the search of the medical office on May 3, 2007. Moreover, due to the prejudicial nature of this evidence, before the United States refers to or admits this evidence, the United States must present testimony from Codefendant Cooper as to why she believed

---

[7] *United States v. Begay*, 673 F.3d 1038, 1046 (9th Cir. 2011) (admitting defendant's comment to a witness to keep quiet and watch himself and a comment to another witness to blame the murders on other people); *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 897-88 (9th Cir. 1996) (recognizing that threats are admissible as relevant to consciousness of guilt); *United States v. Meling*, 47 F.3d 1546, 1557 (9th Cir. 1995) (recognizing evidence of an attempt to intimidate a witness is "second only to a confession in terms of probative value" regarding consciousness of guilt); *United States v. Mercado-Cuen*, 552 Fed Appx. 675 (9th Cir. 2014) (holding that district court did not error by admitting testimony that defendant encouraged or approved a threat against a government witness).

the text message was sent by Defendant Arnold and why she considered it a threat related to the alleged criminal conduct in this case.

Defendant is free to challenge the admission of the text message at trial, including challenging its foundation and "threatening" nature. For instance, as defense counsel deems appropriate, Defendant may cross-examine Codefendant Cooper as to this text message, offer testimony from Mr. Nobles or herself, and/or present contrary cell data.

In addition, the screenshot must be redacted to remove the upper portion identifying the "Important" folder and the language "Janet Arnold threat." The parties must propose a **limiting instruction by the September 2, 2021** supplemental proposed jury instruction deadline.

**D.    Conclusion**

For the above-given reasons, **IT IS HEREBY ORDERED:** The United States' Motion to Reconsider Notice of Intent to Introduce Threat Evidence as Consciousness of Guilt, **ECF No. 497**, is **tentatively GRANTED**.

**IT IS SO ORDERED.**  The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this ___10th___ day of May 2021.

                                      s/Edward F. Shea
                                      EDWARD F. SHEA
                        Senior United States District Judge